UNITED STATES, Appellee,

v.

Captain Jack E. HUFF, SSN 528–42–4403, United States Army, Appellant.

CM 435809.

U. S. Army Court of Military Review.

12 Jan. 1978.

---

Captain Michael B. Dinning, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Demmon F. Canner, JAGC.

Captain Brian X. Bush, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Steven M. Werner, JAGC.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSEN, Chief Judge:

Appellant was convicted, contrary to his pleas, of two specifications alleging the commission of lewd and lascivious acts upon two different females under sixteen years of age, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence, as approved by the convening authority, extends to confinement at hard labor for eight months and dismissal from the service.

We are convinced beyond a reasonable doubt of appellant's guilt of both specifica-

tions. Of the remaining issues presented for our consideration, only the issue of whether evidence of the second girl's fresh complaint was properly admitted warrants discussion.

Admissibility of fresh complaint testimony is governed by the rule in paragraph 142c, Manual for Courts-Martial, United States, 1969 (Revised edition), which states that such evidence is admissible in a prosecution for a sexual offense where the alleged victim has testified that consent was lacking, whether or not lack of consent is an element of the offense, and even if the credibility of the victim has not been directly attacked.[1] Appellant asserts that, inasmuch as the victim never testified that she did not consent to appellant's acts, a proper foundation was not laid for testimony concerning her fresh complaint. We disagree. While it is true that the victim in this case never specifically stated that she did not consent to appellant's acts, her testimony as a whole demonstrates that her consent was lacking.[2]

In addition, there is an even more fundamental reason why the fresh complaint testimony in this case was properly admitted. The Manual rule regarding the foundation which must be laid for the admissibility of such evidence must be read in light of the principle that a female child of such tender years is never legally capable of consenting to sexual activity. See United States v. Thompson, 3 M.J. 168 at 169, n. 1 (C.M.A.1977). The testimony given by the victim as to her age established as a matter of law that appellant's acts were done without her consent. Although the draftsmen of the Manual apparently intended to limit

---

1. See also Department of the Army Pamphlet No. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Rev.), at 27–13: "Being . . . a mere rule of corroboration of the alleged victim's testimony that the act was done without consent, there is no reason whatsoever why fresh complaint should be admissible where there is no such testimony."

2. The offense which formed the basis for Specification 2 took place on the victim's first day of work in a small book shop where appellant also worked. The victim testified that, ". . . when I got up and left he said that ah . . . . [sic] 'Are you going to come back and work for me?' and I said to myself that I'd never come back and he said, 'I won't tell anybody what happened here if you won't tell anybody.' Then I left." The import of this testimony was that the victim had not consented to appellant's acts.

the corroboration resulting from evidence of fresh complaint to the issue of the victim's actual consent,[3] the language promulgated by the President is broad enough to permit the admission of this evidence for the purpose of corroborating generally the testimony of the victim in a prosecution for committing lewd and indecent acts on a child.[4] Applying these principles to the instant case, we hold that evidence of the second girl's fresh complaint was properly received in evidence.

 We find, moreover, an independent ground upon which the statements made by the victim to her sister could have been admitted. Evidence which cannot be received under the fresh complaint rule may still be admitted if it qualifies under one of the exceptions to the hearsay rule. Manual, *supra*. In the case before us, the victim's statements could have been admitted as spontaneous exclamations. Paragraph 142*b*, Manual, *supra*. To be admissible under this exception to the hearsay rule, there must be independent evidence of the startling event and it must appear that the statement in issue was made under the stress of nervous excitement. *United States v. Mounts*, 1 U.S.C.M.A. 114, 2 C.M.R. 20 (1952). Here, independent evidence of the startling event was supplied by the appearance and demeanor of the victim herself at the time of her statement.[5] Although a period of 30 minutes to an hour elapsed between the time the victim left appellant's presence and the time of her statement, that statement qualifies as a spontaneous exclamation where it was generated by an excited feeling extending continuously from the moment of the startling event to the time the statement was made. *United States v. Mounts, supra.* While the military judge admitted the victim's statement as fresh complaint and instructed that it could be considered as bearing on the

issue of her credibility, the statement could properly have been admitted under the spontaneous exclamation exception to the hearsay rule and considered by the court members as evidence of the truth of the matter asserted. There was, therefore, no prejudice to appellant from the rulings of the military judge.

We have considered appellant's contention that the approved sentence is inappropriately severe in light of his previously untarnished record during almost twenty years of military service. The sentence of a commissioned officer to dismissal is a severe punishment, especially in a case where it deprives the officer of the retirement for which he was soon to be eligible. While we are not unmindful of the hardship that a dismissal will cause both to appellant and his family, we view the approved sentence to be appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge COOK concur.

---

3. *See* n. 1, *supra*.

4. Our opinion does not relax the established rule that a description of the details of the offense given during the course of making the complaint is not admissible as fresh complaint.

5. The victim was "jittery and shaking" when she first approached her sister. After exacting a promise that her sister would not repeat their conversation, the victim began to cry and then made her statement concerning appellant's acts. *Cf., United States v. Anderson*, 10 U.S.C.M.A. 200, 27 C.M.R. 274 (1959).